United States District Court
for the
Southern District of Florida

| Daniel A. Gonzalez, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-23988-Civ-Scola |
| | ) | |
| Amazon.com, Inc. and Susshi International Inc., Defendants. | ) | |

### Order on Motions to Dismiss

Now before the Court are the Defendants motions to dismiss, one is filed by Amazon.com, Inc. ("Amazon") and the other by Susshi International Inc. ("Susshi"). For the reasons set forth below, the motions (**ECF Nos. 13, 14**) are **granted**.

### 1. Background[1]

The Plaintiff Daniel A. Gonzalez ("Gonzalez") filed this action against the Defendants pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act (the "Helms-Burton Act" or the "Act"). (ECF No 1.) The Act creates a private right of action against any person who "traffics" in confiscated Cuban property. *See* 22 U.S.C. § 6082(a)(1)(A). A purpose of the Helms-Burton Act is to "protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro Regime." 22 U.S.C. § 6022(6).

Gonzalez alleges that he is the rightful owner of an agricultural property in Cuba. (ECF No. 1 at ¶ 15.) His grandfather Manuel Gonzalez Rodriguez purchased the land in 1941, and then, at an unspecified time, passed ownership of the land to the Plaintiff "[b]y operation of succession." (*Id.* at ¶ 9.) The Cuban government confiscated the property in 1964. (*Id.* at ¶ 11.) Gonzalez could not file a claim with the Foreign Claims Settlement Commission under Title V of the International Claims Settlement Act of 1949 because he was not a United States Citizen at the time the property was confiscated. (*Id.* at ¶ 16.) However, as of the filing of his Complaint on September 26, 2019, Gonzalez is a United States citizen.

According to the Complaint, Susshi and Amazon began selling charcoal that was produced on Gonzalez's land starting on January 5, 2017. (*Id.* at ¶ 18.)

---

[1] The Court accepts as true the facts pled in the Complaint. *Cf. Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

Amazon.com markets Susshi's charcoal as "Direct from Farmers in Cuba" and "sourced from independent farmers in Cuba." (*Id.* at ¶ 19.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Analysis

In their motions to dismiss, both Defendants primarily argue that the Complaint should be dismissed because (1) Gonzalez did not sufficiently allege that he had an actionable ownership interest and (2) Gonzalez did not sufficiently allege that the Defendants knowingly and intentionally trafficked in the confiscated property. Susshi additionally argues that (3) dismissal is appropriate because its conduct is lawful and licensed by the Treasury Department. The Court will address each argument in turn.

First, the Court agrees that Gonzalez did not sufficiently allege that he had an actionable ownership interest because he did not allege that a United States citizen owned the claim on March 12, 1996. "In the case of property confiscated before March 12, 1996, a United States national may not bring an action under [the Act] . . . unless such national acquires ownership of the claim before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B). In other words, a United States citizen must already own the claim to the confiscated property on March 12, 1996 when the Act was passed. Congress intended that this requirement prevent foreigners from "relocate[ing] to the United States for the purpose of using this remedy." Conference Report at H1660, 1996 WL 90487. Therefore, the Helms-Burton Act only applies to claim owners who are already United States citizens at the time the Act was passed on March 12, 1996. *Id.* The Complaint, however, does not contain allegations demonstrating Gonzalez's ownership in compliance with § 6082(a)(4)(B). For example, the Complaint lacks allegations regarding when

Gonzalez inherited the claim from his grandfather, when Gonzalez became a United States citizen, if Gonzalez's grandfather was a United States citizen, and, if so, when Gonzalez's grandfather became a citizen. (ECF No. 1.) Without these allegations, Gonzalez has not sufficiently alleged that he has an actionable ownership interest in the confiscated property.

Second, the Court agrees that Gonzalez did not sufficiently allege that the Defendants knowingly and intentionally trafficked in the property. Under the Act, "a person 'traffics' in confiscated property if that person knowingly and intentionally . . . engages in a commercial activity using or otherwise benefiting from confiscated property." 22 U.S.C. § 6023(13). As Representative Benjamin Gilman explained, "the only companies that will run afoul of this new law are those that are knowingly and intentionally trafficking in the stolen property of U.S. citizens." 142 Cong. Rec. H1724-04, at H1737 (Mar. 6, 1996). The Complaint offers only conclusory allegations that the Defendants knowingly and intentionally trafficked in confiscated property. In paragraphs 18 and 19, Gonzalez alleges that the Defendants "knowingly and intentionally commenced, conducted, and promoted the sale of marabu charcoal produced on the Subject Property" and that they "knowingly and intentionally participated in and profited from the communist Cuban Government's possession of the Subject Property." (ECF No. 1 at ¶¶ 18, 19.) These allegations are conclusory and, without any other allegations demonstrating the Defendants' knowledge, are legally insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (conclusory allegations cannot survive a motion to dismiss); *see also Ruiz v. Experian Information Solutions, Inc.*, 2017 WL 1378242, at *2 (S.D. Fla. Apr. 14, 2017) (Scola, J.) (conclusory allegation of knowledge is not sufficient to satisfy the scienter requirement). Moreover, Gonzalez's assertion that the charcoal advertisement on Amazon, which states that it is "Direct from Farmers in Cuba," demonstrates the Defendants' knowledge is mistaken. That the charcoal is produced by Cuban farmers does not demonstrate that the Defendants knew the property was confiscated by the Cuban government nor that it was owned by a United States citizen.

Third, the Court does not agree that Susshi's general license to sell charcoal requires the Court to dismiss the Complaint. Susshi argues that because charcoal is an itemized good that can be brought into the United States under 312 U.S.C. § 515.582, selling charcoal cannot be "trafficking." However, this constitutes an affirmative defense that cannot be resolved at this stage in the proceedings. An affirmative defense is "one that admits to the Complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *VP Properties & Developments, LLLP v. Seneca Specialty Ins. Co.*, 645 Fed. App'x 912, 916 (11th Cir. 2016). Here, Susshi argues that,

even if all of the allegations in the Complaint were true, § 515.582 would negate its liability. In his Complaint, Gonzalez need not refute every basis on which the Court could ultimately decide that the Defendants' conduct was lawful. Instead, Susshi must establish that its conduct constituted lawful licensed activity and is thus exempt from liability under the Helms-Burton Act. Dismissal of the suit due to Susshi's general license is inappropriate at this time.

### 4. Conclusion

In sum, the Court **grants** the Defendants' motions to dismiss (**ECF Nos. 13, 14**) without prejudice and with leave to amend. The Plaintiff may file an amended complaint by **March 24, 2020**, provided he complies with this order, Federal Rule of Civil Procedure 8(a), and the *Iqbal/Twombly* standard.

**Done and ordered**, in Chambers, in Miami, Florida on March 10, 2020.

Robert N. Scola, Jr.
United States District Judge