United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Daniel A. Gonzalez, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-23988-Civ-Scola |
| | ) |
| Amazon.com, Inc. and Susshi International Inc., Defendants. | ) |

## Order on Motions to Dismiss

Now before the Court is Amazon.com, Inc.'s ("Amazon") and Susshi International Inc.'s ("Susshi") motions to dismiss the amended complaint. For the reasons set forth below, the Court **grants** the motions to dismiss (**ECF Nos. 35, 36**).

### 1. Background

The Plaintiff Daniel A. Gonzalez ("Gonzalez") filed this action against the Defendants pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act (the "Helms-Burton Act" or the "Act"). (ECF No 1.) The Act creates a private right of action against any person who "traffics" in confiscated Cuban property. *See* 22 U.S.C. § 6082(a)(1)(A). A purpose of the Helms-Burton Act is to "protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro Regime." 22 U.S.C. § 6022(6).

The Court previously dismissed the original Complaint because (1) Gonzalez did not sufficiently allege that he has an actionable ownership interest in the property and (2) Gonzalez failed to sufficiently allege that Amazon knowingly and intentionally trafficked in the property. (*See* Order on Motions to Dismiss, ECF No. 36.) However, the Court gave the Plaintiff leave to amend his allegations if he could sufficiently allege the scienter and ownership elements. Gonzalez subsequently filed his Amended Complaint, and the Defendants each filed a motion to dismiss in response.

In his Amended Complaint, Gonzalez alleges that he is the rightful owner of an agricultural property in Cuba. (Am. Compl., ECF No. 29 at ¶ 22.) His grandfather Manuel Gonzalez Rodriguez purchased the land in 1941. (*Id.* at ¶ 10.) The Cuban government confiscated the property in 1959. (*Id.* at ¶ 17.) His grandfather passed away in December 1988, and upon his death, the subject property passed to Plaintiff's father, Guido Gonzalez. (*Id.* at ¶ 15.) Guido Gonzalez became a United States citizen in November 1988, right before he inherited the property. (*Id.* at ¶ 14.) Guido Gonzalez passed away in November

of 2016, and upon his death, his wife Adis Gonzalez inherited the property. (*Id.* at ¶ 16.) "[G]iven her advanced age and fragile health," she "chose to pass her ownership claim" to her son, the Plaintiff, Daniel Gonzalez. (*Id.*)

Gonzalez could not file a claim with the Foreign Claims Settlement Commission under Title V of the International Claims Settlement Act of 1949 because he was not a United States Citizen at the time the property was confiscated. (*Id.* at ¶ 23.) However, Gonzalez became a United States citizen prior to March 12, 1996. (*Id.* at ¶ 2.) According to the Amended Complaint, Susshi and Amazon began selling charcoal that was produced on Gonzalez's land starting on January 5, 2017. (*Id.* at ¶ 27.) On July 22, 2019, Gonzalez sent Amazon written notice by certified mail to cease and desist from trafficking in the property. (*Id.*) Susshi markets the charcoal as the "[First] Cuban Export to the USA" and "Made from 100% Cuban Marabu." (*Id.*)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

Gonzalez has still failed to sufficiently allege in his Amended Complaint that he has an actionable ownership interest in the property.[1] Gonzalez does not allege that he inherited the property before 1996 (and instead alleges that he inherited it sometime after November 2016), and therefore he fails to state a claim.

---

[1] Gonzalez's failure to sufficiently allege that he has an actionable ownership interest is dispositive, and therefore, the Court need not address whether Gonzalez has sufficiently alleged that the Defendants knowingly and intentionally trafficked in the property.

"In the case of property confiscated before March 12, 1996, a United States national may not bring an action under [the Act] . . . unless such national acquires ownership of the claim before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B). In other words, the United States citizen filing suit must already own the interest in the confiscated property on March 12, 1996 when the Act was passed. Congress intended that this requirement prevent foreigners from "relocate[ing] to the United States for the purpose of using this remedy" and that it "eliminate any incentive that might otherwise exist to transfer claims to confiscated property to U.S. nationals in order to take advantage of the remedy created by [the Act]." Conference Report at H1660, 1996 WL 90487. Therefore, the Helms-Burton Act only applies to claim owners who are already United States citizens at the time the Act was passed on March 12, 1996. *Id.*

Here, the Plaintiff's father allegedly inherited the property from the Plaintiff's grandfather in 1988, and then Plaintiff's mother inherited the property from his father in November 2016. (ECF No. 29 at ¶ 16.) Sometime after the Plaintiff's mother inherited the land in November 2016, she "chose to pass her ownership claim" to the Plaintiff. (*Id.*) The plain language of the statute indicates that these allegations are insufficient. The statute states that a United States national may not bring an action "unless *such* national" acquires an interest to the property before 1996. 22 U.S.C. § 6082(a)(4)(B) (emphasis added). "[S]uch national" plainly refers to the "United States national" who may or may not bring an action under the Helms-Burton Act. *See Havana Docks Corporation v. MSC Cruises SA Co.*, -- F. Supp. 3d --, 2020 WL 59637, at *3 (S.D. Fla. Jan. 6, 2020) (Bloom, J.) (reasoning that ignoring the qualifying word "such" in interpreting a separate provision of the Act "would run afoul basic canons of statutory interpretation."). Moreover, this interpretation of the subsection is consistent with its intent, which is to prevent individuals from transferring their ownership interest in confiscated property to a United States citizen after the Act's enactment in 1996. Conference Report at H1660, 1996 WL 90487. Congress did not intend for those who acquired an interest in confiscated property after 1996 to bring Helms-Burton Act claims if their property was confiscated before March 12, 1996. Therefore, Gonzalez has failed to state a claim upon which relief may be granted.

In sum, the Court **grants** the Defendants' motions to dismiss (**ECF Nos. 35, 36**) with prejudice. Gonzalez has had two opportunities to state a claim and has failed to do so, and it appears any further amendment would be futile. Further, Gonzalez has not requested leave to amend; nor has he indicated in his response to the Defendants' motions any inclination whatsoever to do so. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint

sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") The Court directs the **Clerk** to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, in Chambers, in Miami, Florida on May 11, 2020.

_____
Robert N. Scola, Jr.
United States District Judge